AARON BARD, Administrator, *vs.* CANDACE WOOD & others.

An administrator who is cited, on the application of the heirs of the intestate, to render and settle his account of administration in the probate court, will be held so to do, although he produces the receipts of all the heirs acknowledging that he has paid them their distributive shares in full.

THIS was an appeal, by the administrator of the estate of David Wood 2d, from a decree of the judge of probate. Said Bard was appointed administrator of said estate on the 2d of August 1831, and had never settled any account of his administration. Two of the children and heirs of the intestate, viz. Candace Wood, and Abigail Symmes, wife of Samuel Symmes, (with her husband,) cited said administrator to appear at the probate court on the first Tuesday of December 1839, to render and settle such an account. He accordingly appeared before said court, and being ordered to render and settle his account, undertook so to do. After his account was rendered, and a decree thereon was made, charging him with a balance, he appealed to this court, and filed reasons of appeal in due legal form.

Upon a hearing in this court, before *Wilde*, J. the appellant produced receipts, dated September 23d 1835, purporting to be signed by each of four of the heirs of the intestate, in full of their shares of his estate : Also an assignment by said Candace Wood (one of the appellees) of her share of said estate to Artemas S. Wood, another of the heirs of said estate, dated February 16th 1833 : Also a receipt in full for the share of said Candace and Artemas in said estate, given by the administrator of said Artemas.

None of these papers were offered by the appellant before the judge of probate.

As there were only six children and heirs of the intestate, and as the appellant produced receipts in full from each of them or their legal representatives, he contended that this should operate as a bar, and that the heirs were estopped to call upon him for a settlement of an account of his administration, in the probate office. The judge reserved this question for the opinion of the whole court.

*Wood*, for the appellant.

*Washburn*, for the appellees.

SHAW, C. J. The appellant, administrator of the estate of David Wood 2d, late of Lunenburg, was summoned into the probate court, to settle his administration account. Without excepting to his liability to account in the court below, he rendered his account, and by the decree of that court upon certain contested items, he was charged with a considerable balance. From that decree, he appealed to this court, for causes not now material, and he now contends, that he is not liable to render any account; and in support of this position offers the receipts of the several persons next of kin of the deceased, being six children, or of their assignees or representatives, acknowledging the receipt of their distributive shares, in full. And he contends, that this evidence should operate as a bar, and that the heirs are estopped from calling on the administrator for any settlement of his account in the probate court.

The court are of opinion, that the administrator cannot avail himself of this exception. A receipt is regarded as nothing more than evidence of payment, and may be explained or controlled by other evidence. *Skaife* v. *Jackson*, 3 Barn. & Cres 421. *Brooks* v. *White*, 2 Met. 283. And adding the words " in full " to the receipt does not make it conclusive. It is *primâ facie* evidence only.

But an administrator, by his general duty as well as by the obligation of his bond, is bound to account on oath, and not only to make oath generally to the truth and correctness of his account, but to answer specifically, and make full discovery of all facts within his knowledge, as well those affecting his own rights, claims and exemptions, as others. To such full disclosure he

can make no objection, because he has voluntarily undertaken the trust, and assumed its duties and responsibilities. *Higbee* v. *Bacon*, 8 Pick. 484. Upon such an account and discovery, it may appear that the receipts were obtained by fraud or misrepresentation, or were given through mistake or misapprehension, and that the distributees ought not to be barred by them.

But supposing this exception were of a different character, and if taken seasonably would have been entitled to more consideration ; we think the administrator has waived it. By submitting to the jurisdiction of the probate court, and actually rendering his account there, he has precluded himself from taking the exception for the first time on an appeal to this court.

What use the administrator may make of these receipts here after, as evidence of accord and satisfaction, or as proof of payment in advance, in whole, or in part, to the respective heirs or their representatives, of their distributive shares, either before the probate court, upon the prayer of the heirs for a decree of distribution, or upon a demand of payment, after such a decree, is not now in question, and we give no opinion respecting it.